Approved: _____
         JIM LIGTENBERG
         Assistant United States Attorney

Before:   THE HONORABLE SARAH NETBURN
          United States Magistrate Judge
          Southern District of New York

------------------------------- x   **20 MAG 13242**

UNITED STATES OF AMERICA            : **COMPLAINT**

         - v. -                     : Violation of 18 U.S.C.
                                      §§ 922(g)(1) and (2)
JOSEPH BELMAR,                      :
                                      COUNTY OF OFFENSE:
              Defendant.            : BRONX

------------------------------- x

SOUTHERN DISTRICT OF NEW YORK, ss.:

   JAMES MENTON, being duly sworn, deposes and says that he is a Task Force Officer with the Federal Bureau of Investigation ("FBI"), and charges as follows:

                          COUNT ONE

   1.   On or about December 11, 2020, in the Southern District of New York, JOSEPH BELMAR, the defendant, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit, a High Standard Sentinel R-100 .22 caliber revolver and Federal Cartridge Co. .22 caliber ammunition, and the firearm and ammunition were in and affecting commerce.

   (Title 18, United States Code, Sections 922(g)(1) and 2.)

   The bases for my knowledge and for the foregoing charge are, in part, as follows:

   2.   I am a Task Force Officer with the FBI, and I have been personally involved in the investigation of this matter. I base this affidavit on that personal experience, as well as on my conversations with other law enforcement officers, and my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating

probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my personal participation in this matter, I know, among other things, the following:

    a. On or about December 11, 2020, other law enforcement agents and I were conducting surveillance on an unrelated matter in the vicinity of the 42nd Precinct in the Bronx, New York.

    b. While I and others were conducting surveillance, near the intersection of East 163rd Street and Third Avenue, I personally observed an individual later identified as JOSEPH BELMAR, the defendant, fire a gun multiple times at other individuals and then run away.

    c. I left my car, chased BELMAR, and instructed him to stop. As BELMAR ran away, I saw him drop a firearm on the ground. Another law enforcement agent and I then apprehended and arrested BELMAR, and we recovered the firearm BELMAR had dropped on the ground. Surveillance video from the vicinity of East 163rd Street and Third Avenue depicts BELMAR's flight from the shooting and his arrest.

    d. The firearm BELMAR dropped was a High Standard Sentinel R-100 .22 caliber revolver, and it contained Federal Cartridge Co. .22 caliber ammunition.

4. Following his arrest, I and other law enforcement officers interviewed JOSEPH BELMAR, the defendant. BELMAR was advised of his *Miranda* rights, waived them, and agreed to speak with law enforcement. BELMAR stated, in substance and in part, that he had possessed a firearm and fired it at other individuals just prior to his arrest. BELMAR also stated, in substance and in part, that he knew he had previously been convicted of a felony punishable by more than one year of imprisonment.

5. I have spoken to a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives who is familiar with the manufacturing of firearms and ammunition, and I have reviewed an interstate nexus report prepared by that agent. Based on my conversation with the agent and my review of the report, I know that the High Standard Sentinel R-100 .22 caliber revolver and the Federal Cartridge Co. .22 caliber ammunition were not manufactured

2

in the State of New York.

      6.    Based on my review of criminal history reports for JOSEPH BELMAR, the defendant, I have learned the following:

          a.    On or about April 12, 2017, BELMAR was convicted of criminal sale of a controlled substance in the third degree, in violation of New York Penal Law § 220.39, a felony, which is punishable by imprisonment of more than one year. BELMAR was sentenced to one year of imprisonment.

          b.    On or about November 26, 2019, BELMAR was convicted of criminal sale of a controlled substance in the third degree, in violation of New York Penal Law § 220.39, a felony, which is punishable by imprisonment of more than one year. BELMAR was sentenced to two years of parole.

      WHEREFORE, deponent respectfully requests that JOSEPH BELMAR, the defendant, be arrested and imprisoned or bailed, as the case may be.

                                    /s authorized electronic signature
                                  _____
                                  JAMES MENTON
                                  Task Force Officer
                                  Federal Bureau of Investigation

Sworn to before me this
13th day of December, 2020, through the transmission of this Affidavit by reliable electronic means, pursuant to Federal Rules of Criminal Procedure 41(d)(3) and 4.1

_____
THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK