# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

December 10, 2021

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/11/21

*By ECF and e-mail*

Honorable Kimba M. Wood
Honorable Gabriel W. Gorenstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

MEMO ENDORSED

Re:   *United States v. Joseph Belmar*, 21 Cr. 16 (KMW)

Dear Judges Wood and Gorenstein:

I write in response to the Government's request to re-open a bail hearing after bail conditions were set by a magistrate judge *and* by a district court judge; and after the Government withdrew its appeal of the bail determination to the Second Circuit. Because the Government has presented no new material facts relevant to the issues of risk of flight or danger to the community, there is no basis to revisit the bail determination in this case. The Government's application should be denied without a hearing. *Cf. United States v. Kraig Lewis*, 16 Cr. 212 (LAK), Dkt. No. 554: letter of AUSA Rachel Maimin dated October 14, 2016 (S.D.N.Y. October 16, 2016) ("Because Lewis has failed to present any new, material facts in support of the [renewed motion for bail], Lewis is not entitled – as a matter of law – to review his prior application."), attached as Exhibit F.

### Background

Joseph Belmar was arrested on December 11, 2020, and presented before Magistrate Judge Lehrburger on December 14, 2020. After a comprehensive argument, Judge Lehrburger determined that there were strict conditions of release – including home detention with electronic monitoring – that could reasonably assure Mr. Belmar's presence in court and the safety of the community. *See* Dec. 14, 2021 Transcript, pp. 22-24, attached as Exhibit A. Mr. Belmar was released that evening, with instructions to return the next day to Pretrial Services so that the electronic monitoring equipment could be set up. Mr. Belmar returned the next morning as required.

The Government sought review of Judge Lehrburger's determination by the Part 1 Judge, and an argument was held before Judge Stein while Mr. Belmar was at Pretrial Services having his monitoring equipment attached. After *de novo* review, Judge Stein held that the Government had not met its burden of demonstrating that there were no conditions that could reasonably assure the safety of the community and Mr. Belmar's appearance in court. *See* Dec. 15, 2021 Transcript, p. 22-24, attached as Exhibit B. Judge Stein imposed conditions similar to those imposed by Judge Lehrburger, including the imposition of home detention and electronic

Honorable Kimba M. Wood                                                                 Page 2
Honorable Gabriel W. Gorenstein
December 10, 2021

Re:     *United States v. Joseph Belmar*, 21 Cr. 16 (KMW)

monitoring. *See id.*; *see also* Order denying request to revoke bail and setting conditions, Dkt.
No. 5, attached as Exhibit C.

    After the conference before Judge Stein, while Mr. Belmar was still at Pretrial Services,
an arrest warrant was lodged by New York State for a violation of parole. Mr. Belmar was taken
into state custody without leaving the federal courthouse. Mr. Belmar pleaded guilty to violating
his parole conditions, and was sentenced to 12 months' imprisonment.

    On January 14, 2021, the Government filed a Notice of Appeal of Judge Stein's bail
determination in the Second Circuit. On April 28, 2021, the Government withdrew its notice of
appeal. *See United States v. Joseph Belmar*, Stipulation and Order (2d Cir. Apr. 28, 2021),
attached as Exhibit D.

    Mr. Belmar is scheduled to be released from state custody on December 15, 2021.

    On around December 6, 2021, the Government contacted Judge Wood to request a "bail
modification hearing." *See* e-mail from James Ligtenberg to the SDNY Arraignment office,
dated December 6, 2021, attached as Exhibit E. Judge Wood referred the hearing to the
Magistrate Judge, *see id.*, and a hearing has been scheduled for December 13, 2021 at 10:00 a.m.

## ARGUMENT

### THERE IS NO BASIS FOR REVIEW OF THE DISTRICT COURT'S BAIL DETERMINATION IN THIS CASE AND THE GOVERNMENT'S REQUEST TO REOPEN THE BAIL HEARING SHOULD BE DENIED WITHOUT A HEARING

I.    **Applicable Law.**

    When a defendant is first presented before a Magistrate Judge, the court *must* set the least
restrictive conditions of release unless it finds that "no condition or combination of conditions
will reasonably assure the appearance of the person as required and the safety of any other
person and the community." 18 U.S.C. § 3142(c) & (e). To obtain an order of detention based
upon risk of flight, the Government must demonstrate by a preponderance of the evidence that no
set of conditions reasonably will assure the presence of the defendant at trial if he is released. *See
United States v. Shakur*, 817 F.2d 189, 194-95 (2d Cir. 1987). To obtain an order of detention
based upon danger to the community, the Government must demonstrate by clear and convincing
evidence that a defendant poses a risk of danger to others, and that there are no conditions that
could reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(f); *United States v.
Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985). "To find danger to the community under this
standard of proof requires that the evidence support such a conclusion with a high degree of
certainty." *Id.*

Honorable Kimba M. Wood                                                                    Page 3
Honorable Gabriel W. Gorenstein
December 10, 2021

Re:    *United States v. Joseph Belmar*, 21 Cr. 16 (KMW)

The Government – as here – may seek review of the Magistrate Judge's release order in
the district court. *See* 18 U.S.C. § 3145(a)(1) ("the attorney for the Government may file, with
the court having original jurisdiction over the offense, a motion for revocation of the [release]
order."). Such a review is *de novo*. *See, e.g., United States v. Paulino*, 335 F. Supp. 3d 600, 609
(S.D.N.Y. 2018). A district judge "hearing a bail appeal must exercise its independent judgment,
and not defer to the magistrate." *Id.* (citing *United States v. Leon*, 766 F.2d 77, 80 (2d Cir.
1985)).

Where – as here – the district court also sets conditions of release, the Government can
then appeal that decision to the Second Circuit. The standard for review on appeal however, is
not *de novo*. Instead, the review is highly deferential, and a panel will not reverse except for
"clear error." *See, e.g., United States v. Mattis*, 963 F.3d 285, 291 (2d. Cir. 2020). "The clear
error standard applies not only to the factual predicates underlying the district court's decision,
but 'also to its overall assessment, based on those predicate facts, as to the risk of flight or danger
presented by defendant's release.'" *Id.* (quoting *United States v. Abuhamra*, 389 F. 3d 309, 317
(2d Cir. 2004)).

A bail hearing may be reopened "if the judicial officer finds that information exists that
was not known to the movant at the time of the hearing and that has a material bearing on the
issue whether there are conditions of release that will reasonably assure the appearance of such
person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).
Thus, a party is not entitled to reopen a bail hearing on the basis of information that was
available at the time of the hearing. *See United States v. Lewis*, 16 Cr. 212 (LAK), 2016 WL
6902198, at *2 (S.D.N.Y. Nov. 16, 2016). Instead, the movant "must present new information
that bears on truly changed circumstances, something unexpected, a significant event, or the
like." *Id.* (internal quotation marks and ellipsis omitted).

**II.       Discussion: The Government is not entitled to a hearing absent changed
           circumstances materially bearing on Mr. Belmar's appearance in court or
           danger to the community.**

While the Government's e-mail to the Arraignments department is styled as a request for
a "modification hearing," it can only be construed as a request to re-open the bail hearing in this
case. *See* Ex. E. ("The Government takes the position that the defendant is a danger to the
community and a flight risk, and thus would ask that a bail modification hearing be scheduled
prior to the defendant's release date."). The Government however, took this position before
Judge Lehrburger, who conducted a hearing and ruled against the Government, and before Judge
Stein, who conducted a *de novo* review and then ruled against the Government. The Government
then appealed to the Second Circuit, where it would have faced a highly deferential review for
"clear error," but then withdrew that appeal.

The Government now apparently is seeking yet another review, presumably under a less
deferential standard. The Government, though, has provided no information that it was unaware
of at the time of the hearing, and that demonstrates truly changed circumstances that would have

Honorable Kimba M. Wood                                                          Page 4
Honorable Gabriel W. Gorenstein
December 10, 2021

Re:     *United States v. Joseph Belmar*, 21 Cr. 16 (KMW)

a material bearing on Mr. Belmar's appearance or danger to the community. Indeed, it is difficult
to imagine what these circumstances could be, given that Mr. Belmar has been incarcerated since
Judge Stein held that the Government had not met its burden and issued an order setting
conditions of release. The Government now wants to reargue the bail determination, but it is not
entitled to do so under any provision of the Bail Reform Act.

***

In countless cases, the Government has taken the precise position that Mr. Belmar is
advocating here: that absent new material facts bearing on flight or danger, a request to reopen a
bail hearing after a district court has made a bail determination should be denied as a matter of
law. *See, e.g.*, *United States v. Kraig Lewis*, letter of AUSA Rachel Maimin (citing *United States
v. Rodriguez*, No. 15. Mag. 02956 (JGK), 2015 WL 6503861, at *1 (S.D.N.Y. Oct. 26, 2015) ("A
Court may properly reject an attempt to reopen a detention hearing where the new information
presented is immaterial to the issue of flight risk or danger to the community."); *United States v.
Petrov*, No 15. Cr. 66 (LTS), 2015 WL 11022886, at *2 (S.D.N.Y. Mar. 26, 2015)), attached as
Exhibit F. In countless cases, Courts have agreed with the Government and denied requests to
reopen bail determinations – without a hearing – after a district court has ordered detention. *See*,
*e.g.*, *United States v. Kraig Lewis,*, 2016 WL 6902198, at *2.

The Government should be held to this same standard, and absent truly changed
circumstances, the Court should deny its request to reconsider bail as a matter of law, and
without a hearing.

Respectfully submitted,

*The Court grants the Government's request to reconsider bail conditions, and thus denies defendant's application.*

/s/
_____
Martin Cohen
Assistant Federal Defender
(212) 417-8737

cc:     James Ligtenberg, Esq., by ECF and by e-mail

*Kimba M. Wood*  12/11/21
_____
SO ORDERED